# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MASON GRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV1938 SPM |
| | ) |
| CITY OF BEL-RIDGE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Mason Graves for leave to proceed *in forma pauperis* in this civil action. The Court has considered the motion and the financial information provided therein, and has determined to grant the motion. In addition, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see*

*also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against the City of Bel-Ridge, and the Bel-Ridge Police Department. He alleges that, on approximately April 8, 2018 at the Bel-Ridge City Hall, he was falsely accused and arrested for a crime he did not commit and that did not happen. He states he suffered emotional distress, humiliation, and "suppression and violated." (Docket No. 1 at 5). He states "[t]hey intentionally [pursued] me with the intent to create financial hardship, and disgrace me while implementing a paper trail, created with accusations, and allegations they knew were false." *Id.* For his claim for relief, he writes "Punitive and Monetary. This never happened I didn't do this." *Id.*

Attached to the complaint is a copy of a Bel-Ridge Police Department report that details an incident that occurred on April 6, 2018 during a City of Bel-Ridge Town Hall Meeting. The report details an incident involving, *inter alia*, one "Manson Graves," and it indicates that Graves's name was entered into the computer as wanted for questioning in a case involving a charge of assault in the fourth degree. (Docket No. 1, attch. 1, at 9-10, 12).

## Discussion

Plaintiff has named the Bel-Ridge Police Department and the City of Bel-Ridge as defendants in this matter. However, plaintiff's claims against the Bel-Ridge Police Department are legally frivolous because it is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"). In addition, plaintiff fails to state a viable claim for relief against the City of Bel-Ridge. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978) (discussing municipal liability). This action will therefore be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

Dated this 23rd day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE